Kirkpatrick, C. J., and Rossell, J.
Were of opinion, that Mary took an estate tail; and therefore, the defendant was entitled to judgment.
PEsnsTNgtok, J.
This case arises out of the will of Isaac Kroom, made in 1758. It is first contended, that the devise is void for uncertainty, and therefore, [*] that a fee simple came to his daughter Mary, by descent; and that on her death, it must descend according to the statute, to her two sons, the lessor of the plaintiff and the defendant, in equal portions. It must be admitted that the will is inartificially drawn. When a devise is so uncertain, that the intention of the testator cannot be collected from it, it ought to fail for uncertainty. Bow. on Dev. 415. But it has become a settled, and I think, a reasonable rule of law, that a devise is never to be construed void for uncertainty, but from necessity. If there is a possibilty of reducing it to certainty, the devise is good. 4 Bae. 334; @ Lord Bay. 1814. Now, I think, that the intent of the testator can be collected from the whole of the will taken together. That he had in view a provision for his only daughter, to whom *525 he meant to give all his estate to her, and to the heirs of her body, should she have any. But in case she died without any heirs of her body, he gave the estate over to his wife. He intended that the wife should have the possession and management of the estate during her life. Whether he intended to create an estate for life in the wife, to the exclusion of the daughter, or whether he intended that she should only have the care and management of it, for the benefit of her daughter, it is not now necessary to determine. By the word partaker, the testator did not intend to parcel out the avails of the estate, and give a portion of the profits to the daughter. The words of the will are, “ shall be partaker of my whole estate, real and personal, provided she leaving an issue, male or female.” It was a disposition of the whole [706] estate, subject to the right of the wife, whatever it was; especially when taken in connection with the subsequent words of the will. The word partaker in the last clause, coupled with the word next, shows the sense in which the testator used the word. It was the same as to say, shall be taker of my estate. If it was not for the last clause, no doubt could possibly be entertained, but that the devise gave an estate tail general [*] to Mary, with a remainder in fee to her mother. It is this clause that creates the difficulty, to wit: “ Item, my will is, that the issue, male or female, from the body of my daughter Mary, shall be the next partaker.” That is, according to my construction, the next to take the estate. This is no more than the law implies; and what would have resulted from the anterior devise to the daughter.
But it is next contended, that this is an independent devise to the issue. That Mary took an estate for life only, and that the issue took a contingent remainder in fee by purchase. It is an ancient rule of law, that an heir shall not take a contingent estate as a purchaser, where the ancestor took a freehold estate by the same conveyance; the word isstte, in a *526 devise, as a word of limitation, is synonymous to heir; it is nomen cottectivum, and takes in the whole generation. 1 Vent. 229. I admit, that where it is plain from the words of the devise, that the testator, after giving an estate for life to the ancestor, intended by the word heir or issue, a description of the person to take, that the heir or issue may, in that case, be considered as a purchaser, and not as taking by descent from the ancestor. But, I think, that no such intent can be drawn from the words of this will. The whole of the estate is devised to Mary, on condition of her leaving issue, not merely on her having issue born. The testator must have had in view an estate of inheritance in Mary, in case she had issue. The will, taken together, is no more than this: He gives the whole estate to Mary and her issue; provided she leave issue; and if she dies, leaving no issue, then he gives it over to her mother. It appears to me, to be completely within Sonday’s case, 9 Coke, 127. It is evident to me, that the testator did not intend to create a new stock of inheritance in the issue j it was not, in my apprehension, a designation of the person to take. If it had been to the eldest male or female issue, or to the second son, or any other way, which would have shown that the testator [*] meant to point out the person to take, it might have altered the case.
But suppose for a moment, we pursue the idea of the counsel for the plaintiff, that this was a devise to the issue [707] of Mary; after the death of Mary, who is to take ? There were two sons. The testator could not have intended to give the estate to all the children of Mary, in equal portions; at least, there is nothing in the will to show such an intent, but the contrary. He speaks of issue in the singular number, an issue, male or female; and in the last clause, the issue, male or female, from the body of my daughter, not male and female, evidently intending by the word issue, heir of her body, whether male or female, which, considering it a description of the person to take, would vest the title in the *527 eldest son of the defendant. Therefore, whether the testator intended to create a fee tail in Mary, or a contingent remainder in fee in the heir of the body of Mary, is all one; we cannot presume that he looked forward to our act of Assembly, made twenty years after the date of the will, dividing the estate among the sons in equal portions. Besides, it is only in cases where the estate descends from an ancestor seized in fee simple, that the act has any validity. If the issue take as a purchaser, he cannot take by descent. Mary, in that case, had but an estate for life; I am clearly of opinion that we must either declare the devise void for uncertainty, or consider it as creating an estate tail general in Mary; and that the meaning of the testator is too manifest to justify the former; and, in my opinion, clear enough to establish the latter. Therefore, that the defendant is entitled to judgment.
Judgment for the defendant.